| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Lisa Maurer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC and Lendkey Technologies, Inc.,<br><br>　　　　Defendants. | Court File No.: _____<br>Case Type: Other Civil<br><br>**Summons** |

THIS SUMMONS IS DIRECTED TO: Equifax Information Services LLC, 2345 Rice Street, Suite 230, Roseville, MN 55113.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

   　　Todd Murray
   　　Friedman Murray, PLLC
   　　1400 Van Buren Street NE, Ste. 200-222
   　　Minneapolis, MN 55413

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

**FRIEDMAN MURRAY, PLLC**

Date: March 24, 2021

*s/ Todd Murray*

Todd Murray (#347462)
Attorney for the plaintiff
1400 Van Buren Street NE, Ste. 200-222
Minneapolis, MN 55413
(612) 564-4025 (phone)
(612) 392-7979 (fax)

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

| | |
|---|---|
| Lisa Maurer,<br><br>    Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC and Lendkey Technologies, Inc.,<br><br>    Defendants. | Court File No.: _____<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

## PARTIES

1. Lisa Maurer is an individual who lives in St. Cloud, Minnesota and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

2. Equifax Information Services LLC is a credit bureau doing business in Minnesota and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

3. Equifax has a registered office in Minnesota located at 2345 Rice Street, Suite 230, in Roseville.

4. Lendkey Technologies, Inc. is a student loan financing company doing business in Minnesota.

5. Lendkey has a registered office in Minnesota located at 2345 Rice Street, Suite 230, in Roseville.

1

6. Lendkey regularly and in the ordinary course of business furnishes information to consumer reporting agencies about its transactions with consumers.

## JURISDICTION & STANDING

7. Jurisdiction arises under 15 U.S.C. § 1681p and under Minnesota Statutes section 484.01.

8. Venue is proper in this district under Minnesota Statutes section 542.09 because Equifax and Lendkey both reside here.

9. Maurer has standing to bring this case in this Court because she is the beneficiary of a legislative enactment, specifically 15 U.S.C. §§ 1681ln and 1681o, that grants her standing to bring this claim. *See State of Minnesota v. Philip Morris Incorporated, et al.*, 551 N.W.2d 490, 493 (Minn. 1996).

## FACTUAL ALLEGATIONS

10. Maurer co-signed a student loan with Lendkey for her daughter.

11. The student loan became delinquent and Lendkey placed the account with a debt collector called Windham Professionals.

12. Windham pursued Maurer and her daughter for over $14,000.

13. Maurer negotiated a settlement of the student loan account with Windham.

14. Under the terms of the settlement, Maurer had to pay $11,486 by October 16, 2020. Upon receipt of the payment and clearance of the funds, no further money was owed to Lendkey.

15. Maurer made the $11,486 payment on October 16, 2020.

16. In December of 2020, Maurer learned that Lendkey was still reporting to consumer reporting agencies that there was a balance of $2,806 for the settled student loan.

17. Maurer disputed this inaccurate credit reporting to Equifax, Experian, and Trans Union.

18. Maurer included a copy of the settlement letter from Windham and a screenshot of her bank account showing that the settlement funds had cleared her bank on October 16, 2020.

19. As a result of Maurer's dispute, Trans Union updated the Lendkey account to show a $0 balance.

20. Experian also updated its reporting of the Lendkey account to show a $0 balance.

21. However, Equifax continued to inaccurately report that the Lendkey account was in "charge-off" status with a balance of $2,806.

22. Equifax received Maurer's dispute and failed to follow reasonable procedures to ensure the maximum possible accuracy of Maurer's report.

23. Equifax also failed to conduct a reasonable reinvestigation of Maurer's dispute.

24. As a result of Equifax's acts and omissions, it continued to incorrectly report that the Lendkey loan had a balance owing.

25. As required by federal law, Equifax forwarded notice of Maurer's dispute to Lendkey.

26. Lendkey failed to conduct a reasonable investigation of Maurer's dispute.

27. As a result of Lendkey's acts and omissions, it continued to incorrectly report that the loan had a balance owing.

## JURY TRIAL

28. Maurer requests a jury trial.

## CAUSES OF ACTION

### Count I – Equifax

1. Equifax negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Maurer's consumer report.

2. As a result of Equifax's violation of § 1681e(b), Maurer has suffered actual damages, including, without limitation, emotional distress, loss of credit, detriment to credit rating, and out-of-pocket expenses. Maurer is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

3. Equifax's violations of 1681e(b) were willful, rendering them liable for punitive damages and/or statutory damages under 15 U.S.C. § 1681n.

4. Maurer is also entitled to recover costs and attorney's fees from Equifax under 15 U.S.C. §§ 1681n and 1681o.

### Count II – Equifax

1. Equifax negligently and/or willfully violated 15 U.S.C. § 1681i in multiple ways including, without limitation, by failing to conduct a reasonable reinvestigation of Maurer's dispute and failing to appropriately delete or modify inaccurate information in Maurer's file.

4

2. As a result of Equifax's violations of § 1681i, Maurer has suffered actual damages, including, without limitation, emotional distress, loss of credit, detriment to credit rating, and out-of-pocket expenses. Maurer is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

3. Equifax's violations of 1681i were willful, rendering them liable for punitive damages and/or statutory damages under 15 U.S.C. § 1681n.

4. Maurer is also entitled to recover costs and attorney's fees from Equifax under 15 U.S.C. §§ 1681n and 1681o.

### Count III – Lendkey

1. Lendkey negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) in multiple ways, including, without limitation, by failing to conduct a reasonable reinvestigation of Maurer's dispute.

2. As a result of Lendkey's violations of § 1681s-2(b), Maurer has suffered actual damages, including, without limitation, emotional distress, loss of credit, detriment to credit rating, and out-of-pocket expenses. Maurer is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

3. Lendkey's violations of 1681s-2(b) were willful, rendering them liable for punitive damages and/or statutory damages under 15 U.S.C. § 1681n.

4. Maurer is also entitled to recover costs and attorney's fees from Lendkey under 15 U.S.C. §§ 1681n and 1681o.

### PRAYER FOR RELIEF

Maurer requests that judgment be entered against the defendants as follows:

1. An order that Equifax correct its false credit reporting;

2. Actual damages under 15 U.S.C. §§ 1681n and 1681o;

3. Punitive and/or statutory damages under 15 U.S.C. § 1681n;

4. Reasonable attorney fees and costs under 15 U.S.C. §§ 1681n and/or 1681o;

5. For other relief that this Court deems appropriate.

**FRIEDMAN MURRAY, PLLC**

Date: March 24, 2021

*s/ Todd Murray*

Todd Murray (#347462)
Attorney for Maurer
1400 Van Buren Street NE, Ste. 200-222
Minneapolis, MN 55413
todd@friedmanmurray.com
(612) 564-4025 (phone)
(612) 392-7979 (fax)

## ACKNOWLEDGMENT

Maurer acknowledges that sanctions may be imposed under Minn. Stat. § 549.211.

Date: March 24, 2021

*s/ Todd Murray*

Todd Murray (#347462)